The Rollman & Sons Co., Appellant, *v.* Ashorn, Jr., Appellee.

(No. 8246—Decided April 1, 1957.)

*Messrs. Vogel & Reeder,* for appellant.
*Mr. Irwin I. Aronoff,* for appellee.

Hildebrant, P. J.   This appeal on questions of law is from a judgment of the Common Pleas Court affirming on appeal the action of the Municipal Court of Cincinnati in overruling a demurrer to a petition to vacate a default judgment of that court after term, and granting the petition to vacate, and, at the same time, dismissing a conditional order of revivor of that judgment.

Plaintiff, appellant here, originally on November 2, 1949, obtained a default judgment on an account against the defendant, based upon regular completed residence service, as shown by the record and admitted by the defendant in his narrative bill of exceptions herein.

One effort at garnishment failed for the reason that the defendant was not at that time employed by the garnishee, and no further proceedings were had until, the judgment having become dormant, plaintiff on February 7, 1956, obtained a conditional order of revivor, with due notice thereof being served on the defendant.

Defendant claims that notice of the conditional order of revivor was his first knowledge of the pendency of the action or

the existence of the judgment and testified that he never had knowledge of the original residence service and had never made any purchases on credit from plaintiff, and that, the purchases being items of ladies apparel and he being an unmarried person at the time, he had no reason to make such a purchase. He conceded that the purchases were probably made by his mother or his father who bears defendant's identical name with the designation, Sr.

The provisions of Section 2325.01, Revised Code, pertinent to the petition to vacate this judgment after term, are:

"(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order;

"(D) For fraud practiced by the successful party in obtaining a judgment or order;

"(E) For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant does not appear in the record, nor the error in the proceedings;

"(F) For the death of one of the parties before the judgment in the action;

"(G) For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;

"(* * * *)"

The petition must first contain allegations of a statutory ground for vacation after term and, in addition, allege a valid defense to the action.

Section 2325.06, Revised Code, provides:

"The Court of Common Pleas or the Court of Appeals must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

The petition to vacate alleges:

"In support of the herein petition, this defendant states the following:

"1. This defendant was never served with any service of summons in the herein cause of action.

"2. This defendant had no knowledge of the pendency of the action, the date of the hearing, nor the fact that a judgment was rendered against him.

"3. This defendant did not have his day in court.

"4. This defendant had no contractual relations with the plaintiff, nor did he purchase or acquire any merchandise from the plaintiff for which he would have become legally liable.

"5. That he is not indebted to the plaintiff nor has he ever been indebted to the plaintiff in any amount whatsoever.

"6. That he has a good and meritorious defense.

"7. That the first notice this defendant had of the rendition of the said judgment was the conditional order of revivor which the plaintiff filed in the herein cause of action under date of February 7, 1956."

It is clear upon a reading of the petition that none of the allegations contained therein satisfies any of the requirements set forth in Section 2325.01, Revised Code, *supra*.

We observe further that in Section 2325.10, Revised Code, limiting the time for relief after judgment, the greatest period mentioned for any of the grounds applicable here is three years. The petition shows on its face that it was filed years out of time and, hence, is barred by the above specific statute of limitations.

For the reasons noted, the judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court, is reversed, and the cause is remanded to the Municipal Court of Cincinnati with instructions to dismiss the petition to vacate and reinstate the conditional order of revivor of the original judgment in the Municipal Court.

*Judgment reversed.*

Matthews and Long, JJ., concur.